State ex rel. Romaine v. West, Administrator of Improvements, and City of New Orleans.

## No. 4903.

STATE ex rel. ROMAINE *v.* J. R. WEST, Administrator of Public Improvements and CITY OF NEW ORLEANS.

The writ of mandamus, it has been settled, may issue to compel a public officer to perform a mere ministerial duty; but it must clearly appear that the duty is one which from its character leaves no discretion in the officer to do or not to do.

Here it does not clearly appear from the record that it is absolutely the duty of the respondent to do the things required of him. He avers that the contract asserted by the relator is null and void, and he annexes his affidavit of the truth of his averments. It is not his duty to execute an illegal and void contract, knowing it to be such.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *John Ray*, for appellant. *George S. Lacey*, for defendant and appellee.

TALIAFERRO, J. The relator prays that a mandamus issue against the defendant, West, commanding him to furnish the relator with the necessary grades, lines and levels to enable him to proceed under his contract with the City of Jefferson, entered into on the seventh of March, 1870, for shelling certain streets of that city. He predicates this proceeding against the Administrator of Public Improvements of New Orleans upon the ninth section of an act of the Legislature, approved March 16, 1870, entitled "An act to extend the limits of the parish of Orleans," etc., by which the City of Jefferson was incorporated with and became a part of New Orleans; that the Administrator of Public Improvements of the city last named having general supervision and control over the streets, sidewalks, etc., is the proper person to furn'sh the relator with the necessary grades, levels, lines, etc., to enable him to go on to complete the shelling of certain streets, according to the aforesaid contract made by h'm with the City of Jefferson a short time before the passage of the act of the Legislature just recited.

The respondent alleges for cause why the mandamus should not be granted, that there exists no valid contract binding the City of Jefferson towards the relator to have the work done which he alleges he contracted to perform. The respondent avers that the pretended contract alleged by the relator is null and void and without effect against the city of New Orleans.

The rule was discharged and relator appeals.

We think the decision correct. The writ of mandamus, it has been settled, may issue to compel a public officer to perform a mere ministerial duty; but it must clearly appear that the duty is one which from its character leaves no discretion in the officer to do or not to do. Here it does not clearly appear from the record that it is absolutely the duty of the respondent to do the things required of him. He avers

that the contract asserted by the relator is null and void, and he annexes his affidavit of the truth of his averments. Was it his duty to execute an illegal and void contract, knowing it to be such? The contract alleged by the relator to have been entered into between himself and the City of Jefferson is one which he looked to the city of New Orleans to fulfill. But the inference is fair that the city of New Orleans repudiated this contract. We can see no right the relator has, under the circumstances, to require the Administrator of Public Improvements to do the acts preliminary to the prosecution of a work which the city refuses to have executed.

It is therefore ordered that the decree of the lower court be affirmed with costs.